# NO. 12-20-00062-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RONALD LYNN BRUNELLE, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Ronald Lynn Brunelle, Jr., acting pro se, filed a notice of appeal from his conviction for aggravated robbery, a felony, in trial court cause number 241-1085-01. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or within ninety days if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. In this case, sentence was imposed on August 23, 2004. Appellant filed his notice of appeal on February 26, 2020, long after the time for filing a notice of appeal under Rule 26.2(a) or for seeking a motion to extend under Rule 26.3.

On February 26, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2, 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before March 9 to show this Court's jurisdiction. Appellant subsequently filed an amended notice of appeal, which states that this Court has

"inherent power and authority vested in it to order TDCJ-ID to discharge[] Ronald Brunelle[]" and the power to grant relief for deprivation of a speedy trial.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[1] *See* TEX. R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, we **dismiss** Appellant's appeal for **want of jurisdiction**. *See* TEX. R. APP. P. 43.2(f).

Opinion delivered March 18, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See* **Ater v. Eighth Court of Appeals**, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* **Kossie v. State**, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2020**

**NO. 12-20-00062-CR**

**RONALD LYNN BRUNELLE, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 241-1085-01)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*